IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Mary Owens,                            :
                Petitioner             :
                                  :
        v.                        :
                                  :
SJ Retail Services, Inc. (Workers'      :
Compensation Appeal Board),        :    No. 182 C.D. 2022
                Respondent       :    Submitted: December 30, 2022

BEFORE:    HONORABLE ANNE E. COVEY, Judge
                HONORABLE ELLEN CEISLER, Judge
                HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                                FILED: February 16, 2023

         Mary Owens (Claimant) petitions this Court for review of the Workers' Compensation (WC) Appeal Board's (Board) February 2, 2022 order reversing the WC Judge's (WCJ) decision that granted Claimant's Claim Petition for WC (Claim Petition) and denied Claimant's Petition for Penalties (Penalty Petition). Claimant presents one issue for this Court's review: whether Claimant abandoned her employment when she was injured on SJ Retail Services, Inc.'s (Employer) premises during an argument over matters incident to her employment. After review, this Court affirms.

         Employer employed Claimant as a cashier at Tiger Mart Exxon, a gas station/market. On June 26, 2020, near closing time, Claimant was preparing to

leave work when a customer came in and berated her for not wearing a mask.[1] Claimant asked the customer to leave, which initiated a heated exchange. When the customer eventually left the market, Claimant followed the customer to the filling station area. The customer got into his truck and started to pull away. Claimant, while reaching for the customer's truck bed with her right arm, fell and sustained an injury. Police and emergency medical technicians (EMTs) arrived, and the EMTs took Claimant to UPMC Mercy Hospital.

On September 17, 2020, Claimant filed the Claim Petition alleging that she fractured her right hip and wrist after a customer's truck struck her on June 26, 2020. On September 29, 2020, Employer filed an Answer opposing all allegations therein. On February 11, 2021, Claimant filed the Penalty Petition alleging that Employer violated Section 406.1 of the Pennsylvania WC Act (Act)[2] by failing to pay her WC benefits. The WCJ conducted hearings on October 20 and December 8, 2020, and March 30 and April 20, 2021.

On May 14, 2021, the WCJ granted the Claim Petition and denied the Penalty Petition. The WCJ concluded that the injury occurred in the course and scope of employment because it occurred on Employer's premises as a result of Claimant's employment. Employer appealed to the Board.[3] On February 2, 2022, the Board reversed the WCJ's decision, concluding that Claimant had abandoned the course and scope of her employment and her actions constituted something wholly foreign thereto. Claimant appealed to this Court.[4]

---

[1] Claimant's supervisor had asked her to wear a mask at work to prevent the spread of the COVID-19 virus, but her chronic obstructive pulmonary disease prevented her from doing so. Employer did not discipline Claimant for not wearing a mask at work.

[2] Act of June 2, 1915, P.L. 736, *as amended*, added by Section 3 of the Act of February 8, 1972, P.L. 25, No. 12, 77 P.S. § 717.1 (relating to prompt payment of WC benefits).

[3] Claimant did not challenge the Penalty Petition's denial to the Board.

[4] "[This Court's] review determines whether there has been a violation of constitutional rights, whether errors of law have been committed, whether [B]oard procedures were violated, or whether necessary findings of fact are supported by substantial evidence." *Bryn Mawr*

Initially,

> Section 301(c)(1) of the Act[5] provides that an injury must occur in the course and scope of employment and be causally related thereto in order for the injury to be compensable. "<u>An activity that does not further the affairs of the employer will take the employee out of the course and scope of employment and serve as a basis for denial of the claim by the WCJ</u>." *Penn State* [*Univ. v. Workers' Comp. Appeal Bd. (Smith)*], 15 A.3d [949,] 954 [(Pa. Cmwlth. 2011)]. However, "[t]he operative phrase 'actually engaged in the furtherance of the business or affairs of the employer,' which is usually expressed as 'in the course of employment,' must be given a liberal construction." *Lewis* [*v. Workers' Comp. Appeal Bd. (Andy Frain Servs., Inc.)*], 29 A.3d [851,] 862 [(Pa. Cmwlth. 2011)] (quoting [*Se.*] [*Pa.*] *Transp*[.] *Auth*[.] *v. Workers' Comp. Appeal Bd. (McDowell)*, 730 A.2d 562, 564 (Pa. Cmwlth. 1999)). As recently emphasized by this Court, "'[a]n employe is entitled to compensation for every injury received on the premises of h[er] employer during the hours of employment . . . **so long as there is nothing to show that** [s]**he had abandoned the course of h**[er] **employment or was engaged in something wholly foreign thereto**.'" *Trigon Holdings, Inc. v. Workers' Comp. Appeal Bd. (Griffith)*, 74 A.3d 359, 362 (Pa. Cmwlth. 2013) (quoting *Henry v. Lit Brothers*, 165 A.2d 406, 409 ([Pa. Super.] 1960)) (emphasis in original). Whether an employee is acting in the course of his or her employment at the time of an injury is a question of law, which must be based on the WCJ's findings of fact.

*Wetzel v. Workers' Comp. Appeal Bd. (Parkway Serv. Station)*, 92 A.3d 130, 136 (Pa. Cmwlth. 2014) (footnote omitted; underline emphasis added).

Claimant argues that the customer's payment for services and ensuing argument over the face mask were all incident to and in furtherance of Employer's business. Thus, Claimant contends that she was acting in the course of her

---

*Landscaping Co. v. Workers' Comp. Appeal Bd. (Cruz-Tenorio)*, 219 A.3d 1244, 1252 n.5 (Pa. Cmwlth. 2019).

[5] 77 P.S. § 411(1).

employment at the time of her injury. Employer rejoins that the incident, which was captured on the store's surveillance video (Video), clearly established that Claimant pursued the customer to the filling station solely to continue their heated exchange, rather than for any purpose related to Employer's business.

"[T]he WCJ is the ultimate fact[-]finder and is empowered to determine witness credibility and evidentiary weight. The WCJ, therefore, is free to accept or reject, in whole or in part, the testimony of any witness[.]" *Sadler v. Phila. Coca-Cola (Workers' Comp. Appeal Bd.)*, 269 A.3d 690, 716 (Pa. Cmwlth. 2022) (quoting *Griffiths v. Workers' Comp. Appeal Bd. (Red Lobster)*, 760 A.2d 72, 76 (Pa. Cmwlth. 2000)).

Here, the WCJ found as a fact:

The [V]ideo depicts a normal exchange between the customer and [] Claimant at 9:09 p.m. on June 26, 2020. The customer makes a purchase and [] Claimant puts the items in a bag and gives the customer change. At that point [] Claimant and the customer have a "discussion[.]"[] It is noted that the customer was wearing a mask but [] Claimant was not. There was a Plexiglass partition between [] Claimant and the customer. About 9:11 p.m. the customer leaves and he makes a comment as he is leaving. Claimant becomes irate and makes a number of inappropriate gestures to the customer through the store window. The gestures include hand gestures and a gesture that would be suggestive that [] Claimant was telling the customer to kiss her backside. [] Claimant also grabs her crotch.

The customer is shown pointing at something but it is unclear what he is pointing at [sic]. At approximately 9:12 p.m. [] Claimant is at the door of the store and then goes into the lot. The customer is seen getting into his truck. The truck door is open and [] Claimant approaches at a brisk pace. The door is closed and the customer starts driving away. Before [] Claimant gets to the vehicle [] Claimant tries to grab the truck bed and swing but misses and falls down. It does not appear, based upon the [Video], that the customer's truck tire ran over the

4

Claimant's foot. Claimant is then depicted lying in the parking lot while the customer drives away in his truck. The [V]ideo was viewed at the October 20, 2020, hearing and described for the record.

Reproduced Record (R.R.) at 64a; WCJ Finding of Fact (FOF) No. 2.

The WCJ concluded that the genesis of Claimant's injury occurred as a result of her employment and the injury occurred on Employer's premises. *See* R.R. at 67a; Conclusion of Law No. 3. Therefore, in order to deny the Claim Petition, the WCJ's findings had to support the conclusion that Claimant abandoned her employment or was engaged in an activity wholly foreign thereto. *See Wetzel*.

The WCJ found as a fact:

[] Claimant and a customer engaged in a heated exchange ostensibly over [] Claimant's failure to wear a face mask. The cashier area was protected by Plexiglass. Nevertheless, the customer, after an innocuous exchange, apparently chastised [] Claimant for her failure to wear a mask and this resulted in an escalation of tensions between the customer and [] Claimant. This resulted in [] Claimant leaving her station and following the customer into the filling station area. The customer got into his vehicle and started to pull away and [] Claimant, while reaching for the truck bed with her right arm, was caused to fall and sustain [an] injury.

R.R. at 66a; FOF No. 10.

Based on this Court's review, the WCJ's factual findings do not support the conclusion that Claimant's cashier duties included following the customer who patronized Employer's business to the filling station area and attempting to hold on to his vehicle as he drove away. Moreover, the WCJ's factual findings establish that Claimant was furthering her own interests when she was injured. As the customer left the market, he made a comment which resulted in Claimant becoming irate and making a number of inappropriate gestures to him through the store window. The customer was actually pulling away when Claimant reached for the truck bed and

5

fell and injured herself. Claimant's pursuit of the customer's truck was so far removed from her cashier duties that it constitutes abandonment of "the course of h[er] employment or . . . engag[ing] in something wholly foreign thereto." *Wetzel*, 92 A.3d at 137 (quoting *Trigon Holdings*, 74 A.3d at 362 (emphasis omitted)). Because Claimant had clearly abandoned her employment at the time her injury occurred, the WCJ erred by concluding otherwise. Accordingly, the Board properly reversed the WCJ's decision.

For all of the above reasons, the Board's order is affirmed.


_____
ANNE E. COVEY, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Mary Owens,                   :
           Petitioner          :
                               :
        v.                    :
                               :
SJ Retail Services, Inc. (Workers'    :
Compensation Appeal Board),       :     No. 182 C.D. 2022
           Respondent       :

## O R D E R

AND NOW, this 16th day of February, 2023, the Workers' Compensation Appeal Board's February 2, 2022 order is affirmed.

_____
ANNE E. COVEY, Judge